UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ANCILE INVESTMENT COMPANY             :
LIMITED,                                              :
                Plaintiff,     :        08 Civ. 9492 (KMW) (FM)
                                      :
     -against-                                   :        **Opinion & Order**
                                      :
ARCHER DANIELS MIDLAND                :
COMPANY,                                           :
                Defendant.   :
------------------------------------------------------X
WOOD, U.S.D.J.:

       Plaintiff Ancile Investment Company ("Ancile") filed the above-captioned action on November 5, 2008, against Defendant Archer Daniels Midland Company ("ADM"), seeking damages for alleged violations of Brazilian and state law. [Dkt. No. 1]. After granting ADM's motion to dismiss Ancile's state law claims, [Dkt. No. 79], this Court granted ADM's motion to dismiss Ancile's sole remaining claim—alleging a violation of the extra-contractual duty of good faith under Brazilian law—on November 29, 2012. [Dkt. No. 121]. ADM now seeks to recover attorney's fees that it incurred while successfully defending against Ancile's Brazilian law claim. [Dkt. No. 124].

       For the reasons set forth below, ADM's motion for attorney's fees is DENIED.

## I.   DISCUSSION[1]

       ADM seeks to recover $433,193 of attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and Brazilian Code of Civil Procedure Article 20. Ancile opposes any award, and argues that (A) ADM's eligibility for attorney's fees is governed by New York law,

---

[1] The Court assumes familiarity with the procedural history and factual background of this case, which is more fully reviewed in the Court's prior opinions. *See Ancile Inv. Co. Ltd. v. Archer Daniels Midland Co.*, 08 Civ. 9492, 2012 WL 6098729 (S.D.N.Y. Nov. 30, 2012) (Wood, J.); *Ancile Inv. Co. Ltd. v. Archer Daniels Midland Co.*, 784 F. Supp. 2d 296 (S.D.N.Y. 2011) (Wood, J.); *Ancile Inv. Co. Ltd. v. Archer Daniels Midland Co.*, 08 Civ. 9492, 2009 WL 3049604 (S.D.N.Y. Sept. 23, 2009) (Crotty, J.).

not Brazilian law; and (B) even if Brazilian law applies, ADM has failed to demonstrate that it is entitled to fees.  The Court finds (A) that New York law applies to ADM's fee motion and ADM is thus not entitled to fees; and, alternatively, (B) that even if Brazilian law applies to ADM's claims, ADM has failed to demonstrate that it is entitled to fees.

### A. Choice of Laws

To determine whether Brazilian or New York law governs ADM's fee motion, the Court must consider two "conceptually distinct" issues.  *Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 151 (2d Cir. 2013).  "First, a federal court exercising diversity jurisdiction must apply the choice-of-law rules of the state in which the court sits to determine the rules of decision that would apply if the suit were brought in state court."  *Id.*  "Second, after using state conflict-of-laws principles to ascertain the rules of decision that would apply in the state courts of the federal forum, federal courts apply those state rules of decision that are 'substantive' under [*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)], and are consistent with federal law."  *Liberty Synergistics*, 718 F.3d at 151–52 (quoting *Sun Oil Co. v. Wortman*, 486 U.S. 717, 726–27 (1988)).

Accordingly, in order to adjudicate ADM's fee motion, the Court must first apply New York's choice-of-law rules to determine which rule of decision—New York attorney's fee law or Brazilian attorney's fee law—would apply to the suit if it were brought in state court.  The Court must then determine whether this rule of decision is "substantive" under *Erie*.  If the rule of decision is substantive under *Erie*, the Court must apply it in this case.  For the reasons set out below, the Court finds that (1) New York law governs ADM's fee motion; and (2) the Court must apply New York law because it is substantive under *Erie*.  Alternatively, even if Brazilian law applies, the Court finds that ADM has failed to establish that it is entitled to fees.

1. Choice of Law Analysis

Courts in New York generally follow the "American Rule," which considers attorney's fees to be the "ordinary incidents of litigation" and, therefore, unrecoverable "unless authorized by agreement between the parties, statute, or court rule." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003). According to ADM, in Brazil the prevailing party is automatically awarded its reasonable attorney's fees. (*See* Def.'s Mem. of Law in Supp. 3 [Dkt. No. 126]; *see also* Yu Decl. Ex. A, at ¶¶ 55, 56 ("Coelho Report") [Dkt. No. 125-1]). Given this conflict, the Court must apply New York's choice of law rules to determine which law should apply.

In New York courts, "procedural questions are always governed by the law of the forum." *Hausman v. Buckley*, 299 F.2d 696, 700 (2d Cir. 1962); *see also RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 214 (S.D.N.Y. 2006) (Haight, J.) ("Under common law rules matters of procedure are governed by the law of the forum . . . ." (internal quotation marks omitted)). "New York courts classify legal rules as 'substantive' when they relate closely to an underlying right and 'procedural' when they deal with the remedy by which that right is enforced." *Mack Fin. Servs. v. Poczatek*, 10 Civ. 3799, 2011 WL 4628695, at *6 (E.D.N.Y. Aug. 30, 2011). "New York courts also take into account policy considerations that underlie the substance-procedure distinction. These policy concerns relate to: (1) judicial efficiency, (2) forum-shopping, (3) fairness to the parties, and (4) New York public policy." *RLS Assocs.*, 464 F. Supp. 2d at 219.

Decisions in this circuit are in conflict regarding whether attorney fee shifting should generally be classified as substantive or procedural under New York law. There are no New York state cases directly on point. *Compare Bensen v. Am. Ultramar Ltd.*, 92 Civ. 4420, 1997

3

WL 317343, at *13 (S.D.N.Y. June 12, 1997) (Buchwald, Mag. J.) ("[W]e think it clear that New York law concerning the availability of attorney's fees should be considered procedural."), *and Mack Fin. Servs.*, 2011 WL 4628695, at *6 ("State laws governing the computation of attorney's fees in a contract action have generally been held to be procedural."), *with Tyco Int'l Ltd. v. Walsh*, 751 F. Supp. 2d 606, 627 (S.D.N.Y. 2010) (Cote, J.) ("New York choice-of-law analysis would treat the Bermuda attorneys' fees rule as substantive, rather than procedural . . . ."), *reversed on other grounds by* 455 F. App'x 55 (2d Cir. 2012), *and RLS Assocs.*, 464 F. Supp. 2d at 220 (finding English rule for awarding attorney's fees to be substantive under New York choice of law principles).

The Court agrees with Ancile that a New York court would consider the issue of fee shifting in this case to be procedural, rather than substantive.  First, the cases finding this issue to be substantive applied the English rule, which is analogous to the American rule in that it is a "general rule that applies to all claims" and "operates as part of the general framework for how litigation is conducted." *Tyco Int'l*, 751 F. Supp. 2d at 627; *RLS Assocs.*, 464 F. Supp. 2d at 218. By contrast, the Brazilian fee shifting provision is located in a discrete section of the Brazilian code, separate from the statutory provision giving rise to Ancile's underlying Brazilian claim. (Pl.'s Mem. of Law in Opp. 4 [Dkt No. 129]); *cf. Conte v. Flota Mercante Del Estado*, 277 F.2d 664, 672 (2d Cir. 1960) (considering such factors with respect to the Argentine code).  Although both the American and English rules are a "fundamental component of the state's procedural law," ADM has presented no evidence to show that fee shifting occupies the same place in the general framework of Brazilian law.  *Bensen*, 1997 WL 317343, at *15.

Second, policy considerations relating to predictability, fairness, and efficient judicial administration compel the Court to find that a New York court would consider attorney fee

4

shifting procedural in this case. Although ADM prevailed on its Brazilian law claim, Ancile stated claims under both Brazilian and New York state law, and brought the action in New York court. The parties also actively litigated choice of law issues. *See Ancile*, 2011 WL 3516128, at *1, *2–6 ("At an earlier stage of the litigation, defendant . . . argued vigorously that this case was controlled by Brazilian law. Plaintiff . . . argued equally vigorously that . . . Illinois law (or other U.S. law) should apply to this case. Now, on a motion by Defendant to determine the body of law that should apply to the one remaining claim in the case, the parties each contend the exact opposite of what they previously argued."). Given this uncertainty over the applicable substantive law, and given that New York is the forum state, the parties could not reasonably have anticipated that Brazilian law would apply to attorney fee shifting.

Third, decisions holding fee shifting rules to be substantive typically involve contract disputes in which the parties expressly agreed to an English choice of law provision, which provided the parties with notice that any litigation over contract claims would be subject to the English rule. *See, e.g.*, *RLS Assocs.*, 464 F. Supp. 2d at 217 ("[B]oth [parties] assumed, well into the litigation, that the English rule on attorneys' fees would apply."); *Katz v. Berisford Int'l PLC*, 96 Civ. 8695, 2000 WL 959721, at *9 (S.D.N.Y. July 10, 2000) (Koeltl, J.) (noting that application of the English rule was "wholly . . . consistent with the parties' justified expectations" (internal quotation marks omitted)). In this case, the parties had no expectation that the Brazilian rule on attorney fee shifting would apply; indeed, there is no contract between Ancile and ADM. Given that applying Brazilian law would undermine the parties' "justified expectations," the Court finds a New York court would consider fee shifting to be procedural and thus applies New York law to ADM's request for attorney's fees.

    2. *Erie* Analysis

An analysis under *Erie* results in the same conclusion.  Because entitlement to fee shifting is viewed as *substantive* under *Erie* (as opposed to *procedural* under New York law) and New York's law on this issue does not conflict with federal law, this Court must follow New York state law regarding entitlement to attorney's fees.[2]  The Court thus applies the American rule to ADM's motion for attorney's fees; under that rule, ADM is not entitled to recover fees.

### B. ADM's Eligibility for Fees Under Brazilian Law

Even assuming, arguendo, that Brazilian law applies, ADM has failed to demonstrate that it is entitled to attorney's fees under Brazilian law.  "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."  Fed. R. Civ. P. 44.1.  Although the Court may consider expert testimony, it need not accept the expert's opinions, and the ultimate determination of foreign law rests with the Court.  *See Rationis Enters. Inc. of Panama v. Hyundai Mipo Dockyard Co., Ltd.*, 426 F.3d 580, 586 (2d Cir. 2005); *see also British Int'l Ins. Co. Ltd. v. Seguros La Republica, S.A.*, 90 Civ. 2370, 2000 WL 713057, at *7 (S.D.N.Y. June 2, 2000) (Maas, Mag. J.) (finding expert testimony, unsupported by any case law, insufficient evidence from which to accept either parties' understanding of the law).

Courts will dismiss claims resting on the application of foreign law where the party advancing the claim fails to provide authority for their interpretation of the law.  *See Eli Lilly Do*

---

[2] "Whether a particular state rule of decision is 'substantive' under Erie is a question of federal law . . . ." *Liberty Synergistics*, 718 F.3d at 152.  Indeed, to determine whether a rule of decision is substantive or procedural for *Erie* purposes, "it is 'immaterial' whether that state rule of decision is labelled [sic] by state law as 'procedural,' 'substantive,' both, or neither."  *Id*. (quoting *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945)).  Thus "a state's 'procedural' rules under its own choice-of-law principles can be 'substantive' for purposes of federal diversity jurisdiction."  *Id*.  The Court finds that attorney's fees are considered substantive under *Erie*.  *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) ("[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." (internal quotation marks omitted)); *see also RLS Assocs.*, 464 F. Supp. 2d at 213 ("[A]ttorneys' fees are considered substantive under the *Erie* doctrine, and should be analyzed under state law in diversity cases.").  Federal courts follow the forum state's choice of law on such substantive questions.  *Liberty Synergistics*, 718 F.3d at 151–52.

*Brasil, Ltda. v. Fed. Express Corp.*, 502 F.3d 78, 84 (2d Cir. 2007) (refusing to apply Brazilian law where the party relying on Brazilian law provided "no real support in the record" for its contentions); *see also Esso Standard Oil S.A. v. S.S. Gasbras Sul*, 387 F.2d 573, 581 (2d Cir. 1967) (denying petition for rehearing after finding plaintiff failed to carry its burden to prove strict liability existed under Guatemalan law); *Batruk v. Mitsubishi Motors Corp.*, 94 Civ. 7593, 8677, 1998 WL 307383, at *3 (S.D.N.Y. June 19, 1998) (Wood, J.) (refusing to apply Haitian law without a more complete presentation by counsel); Fed. R. Civ. P. 44.1 Advisory Committee's Note ("[T]he court is free to insist on a complete presentation by counsel."). The Court finds that ADM has failed to carry its burden of showing that it is entitled to attorney's fees under Brazilian law.

ADM relies on testimony from Ancile's expert on Brazilian law, Fabio Ulhoa Coelho. Mr. Coelho stated that, in Brazil, "the defeated party in a lawsuit must bear the costs and expenses and the attorneys' fees of the party who actually won the lawsuit." (Coelho Report ¶ 55). Coelho failed to explain, however, how a Brazilian judge would calculate the amount of fees to which a given party was entitled. (Def.'s Mem. of Law in Supp. 3–4). Moreover, ADM failed to provide an adequate translation of the relevant law. In fact, the only translation proffered by ADM to the Court was a hyperlink to an online version of the Brazilian Code of Civil Procedure—in Portuguese—coupled with the suggestion that the Court use an online translation service to translate the Code into English. (Def.'s Mem. of Law in Supp. 4 n.2).[3]

---

[3] Following ADM's suggested procedure led to confusing, although amusing, results. For example, the translation of Article 20 § 2 of the Code states that costs shall include "compensation for witness travel and remuneration of the assistant coach, daily," and the translation of Article 32 states that "[i]f the assisted getting beaten, the wizard will pay the costs in proportion to the activity that has exercised in the process." World Intellectual Prop. Org., Brazil Law No. 5.869 of January 11, 1973 (Code of Civil Procedure), http://www.wipo.int/wipolex/en/text.jsp?file_id=226720 (last visited Jan, 8, 2014). ADM argues that "the text of the statute speaks for itself." (Reply Mem. of Law of Def. in Further Supp. 6 [Dkt. No. 131]).

Although these submissions suggest that Brazilian law does award fees to the prevailing party, ADM has failed to make a complete presentation on how these fees should be calculated. In a claim where there is no monetary judgment, as in the instant claim, Brazilian courts use their discretion in calculating attorney's fees.  *See* Alexandre Alcino de Barros & Silvia Julio Bueno de Miranda, *Cost and Fee Allocation in Civil Procedure*, "Chapter 5: Major Shifting: The Brazilian Way," 11 IUS Gentium 89, 92 (2012).  Coelho stated that the recoverable attorney's fees can range between 10% and 20% over the amount of the judgment depending on the lawyer's care and diligence, the place where legal service was rendered, the nature and importance of the suit, the time spent by the attorney, and the services rendered.  (Coelho Report ¶ 56).  ADM argues that the American "lodestar" method of calculating attorney's fees would be a reasonable method to apply under Brazilian law.  (Def.'s Mem. of Law in Supp. 4–6).  However, ADM offers no Brazilian authority to justify application of the American "lodestar" method or any other method of calculating the award of attorney's fees in this case.  Moreover, the proffered translation of the statute is insufficient to establish the proper measure of attorney's fees under Brazilian law.  Thus, ADM has failed to show that their proposal for using the "lodestar" method is valid under Brazilian law.

## II. CONCLUSION

For the foregoing reasons, ADM's motion for attorney's fees is DENIED.


SO ORDERED.

Dated: New York, New York
       January 16, 2014

/s/_____
        Kimba M. Wood
    United States District Judge